UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYAN ABDUL WAKIL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | No. 1:25-cv-01098-CDB (HC)<br><br>ORDER REQUIRING RESPONDENTS TO FILE A RESPONSE<br><br>ORDER SETTING BRIEFING SCHEDULE<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS<br><br>**14-Day/45-Day Deadlines** |

Petitioner Ayan Abdul Wakil ("Petitioner"), a federal detainee proceeding pro se, initiated this action on August 29, 2025, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner filed the instant petition while in custody of Immigration and Customs Enforcement ("ICE") at the Golden State Annex ICE Detention Center in McFarland, California. *Id*. ¶ 1.

**Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner alleges that his continued detention in an immigration jail pending resolution of removal proceedings without first being provided a due process hearing violates his constitutional and statutory rights. (Doc. 1 ¶¶ 1–3). The Court preliminarily concludes that Petitioner's petition may be cognizable under 28 U.S.C. § 2241. In addition, because Petitioner was incarcerated at the Golden State Annex ICE Detention Center at the time of filing, and that facility lies within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition. *See Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024) ("core habeas petitions must be filed in the district of confinement."), *pet. for rehrng. en banc or panel rehrng. filed*, No. 23-15361 (9th Cir. Dec. 12, 2024).

**Conclusion and Order**

This Court has conducted a preliminary review of the petition. It is not clear from the face of the petition whether Petitioner is entitled to relief. Accordingly, pursuant to Habeas Rule 4, the Court HEREBY ORDERS:

1. Respondents SHALL FILE a Notice of Appearance within **14 days** of the date of service of this Order.

2. Respondents SHALL FILE a response addressing the merits or seeking dismissal of the Petition within **45 days** of the date of service of this order. Respondents shall include with the response any and all transcripts or other documents relevant to the resolution of the issues presented in the petition. Habeas Rule 5.

3. Petitioner's TRAVERSE to any Answer or OPPOSITION TO any Motion to Dismiss filed by Respondents is due on or before **30 days** from the date of service of Respondents' filing.

4. The Clerk of the Court is DIRECTED to serve a copy of this Order along with a copy of the Petition and all exhibits on the Office of the United States Attorney for the Eastern District of California, an agent for the appropriate Correctional Institution, if applicable, and the Federal Bureau of Prisons.

///

///

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(g). All provisions of Local Rule 110 are applicable to this Order.

IT IS SO ORDERED.

Dated: __**September 3, 2025**__              _____
                                              UNITED STATES MAGISTRATE JUDGE

3