UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYAN ABDUL WAKIL,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, *et al.*,<br><br>　　　　　　Respondents. | Case No. 1:25-cv-01098-CDB (HC)<br><br>ORDER DENYING PETITIONER'S MOTION<br>FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. 20) |

## I.　　**Relevant Background**[1]

Petitioner Ayan Abdul Wakil ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  On August 29, 2025, Petitioner filed the instant petition while in custody of the Immigration and Customs Enforcement ("ICE") at the Golden State Annex, located in McFarland, California.  *Id.* Petitioner alleges that his continued detention in an immigration jail pending resolution of removal proceedings without first being provided a due process hearing violates his constitutional and statutory rights.  *Id.* ¶¶ 1–3.

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 12).

After the Court preliminarily concluded that Petitioner's petition may be cognizable under § 2241, on September 4, 2025, the Court set a briefing schedule on the petition. (Doc. 7). On October 17, 2025, Respondents filed a response to the petition. (Doc. 14). Petitioner filed a brief in support of his petition on October 14, 2025, and a supplemental brief on November 10, 2025. (Docs. 13, 16). On December 30, 2025, Respondents filed a notice indicating that the Ninth Circuit Court of Appeals dismissed Petitioner's petition for review of an order issued in expedited removal proceedings for lack of jurisdiction, denied his motion for stay of removal, and lifted the temporary stay of removal. (Doc. 18).

## II.    Motion for Temporary Restraining Order

Pending before the Court is Petitioner's motion for temporary restraining order ("TRO"), filed on January 5, 2026. (Doc. 20). In his motion, Petitioner asserts that "his petition does not challenge the order of removal that was entered against him or [ICE's] authority to remove him. Instead, he challenges the process ICE has employed and continues to employ in its effectuation of the removal … order and removal [of Petitioner] from the United [States] while he has a pending petition." *Id.* at 4. Petitioner seeks the Court issue an order restraining Respondents "from further action at the present time" in proceeding with its "removal plans" of Petitioner pending the Court's "adjudication of his [p]etition[.]" *Id.* at 4, 17 ("Here, tempor[arily] restraining the Respondents from effectuating Petitioner's removal would not be detrimental to the government's interests because the requested relief is temporary, narrowly tailored, and will only last pending the instant motion. Rather, an order for the maintenance of the status quo may simply 'enable Respondents[] to fully brief the [p]etition without the pressure of a looming removal date.'").

## III.    Governing Authority

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Intern. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Likelihood of success on the merits is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

Preliminary injunctions are intended "merely to preserve the relative positions of the parties until a trial on the merits can be held, and to balance the equities at the litigation moves forward." *Lackey v Stinnie*, 604 U.S. 192, 200 (2025) (citations and quotations omitted). "The status quo refers to 'the last uncontested status which preceded the pending controversy.'" *E.A.P.C. v. Wofford*, No. 1:25-cv-01546-JLT-CDB, 2025 WL 3289185, at *8 (E.D. Cal. Nov. 25, 2025) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)).

**IV.    Discussion**

The Court has reviewed Petitioner's motion for TRO (Doc. 20) and the papers filed thus far in this matter, including the petition for writ of habeas corpus (Doc. 1), Respondents' response to the petition (Doc. 14), and Petitioner's supplemental briefs in support of his petition (Docs. 13, 16). The record shows that Petitioner entered the United States on January 4, 2025, and was detained shortly thereafter until he was released from a "Georgia detention center on one year parole" on January 28, 2025. (Doc. 20 at 4, 9 ¶ 5). On March 26, 2025, Petitioner was re-detained and has since been "in immigration custody for over [six] months[.]" (Doc. 1 ¶¶ 1, 19); *see id.* ¶ 39 ("As noted, Petitioner has been detained for a substantial length of time[.]"); (Doc. 20 ¶ 5). Petitioner was subject to a May 12, 2025, final order of expedited removal under 8 U.S.C. § 1225(b)(1), and

3

after ICE obtained travel documents thereto, Petitioner was arranged to be removed to his home country of Afghanistan via a commercial flight in June 2025 that was not effectuated after Petitioner refused to board the plane. (Doc. 14 at 2). As noted above, on December 29, 2025, the Ninth Circuit dismissed Petitioner's petition for review for lack of jurisdiction, denied his motion for stay of removal, and lifted the temporary stay of removal. (Doc. 18).

The Court notes that Petitioner did not file his motion for TRO or seek any other emergency relief until approximately nine months after he was re-detained and more three months after he filed his petition. Petitioner's long delay in seeking emergency injunctive relief "implies a lack of urgency and irreparable harm." *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985); *see Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the [petitioner's] rights. By sleeping on its rights a [petitioner] demonstrates the lack of need for speedy action[.]") (quoting *Gillette Co. v. Ed Pinaud, Inc.*, 178 F. Supp. 618, 622 (S.D.N.Y. 1959)); *e.g.*, *Lee v. Haj*, No. 1:16–cv–00008–DAD–SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016); *Estrada v. Blythe Street Apartments, L.P.*, No. CV 16-6823 PA (AFMx), 2016 WL 11521545, at *2 (C.D. Cal. Dec. 2, 2016); *Oracle Am., Inc. v. Myriad Grp. AG*, No: C 10-05604 SBA, 2011 WL 13154031, at *1 (N.D. Cal. Dec. 1, 2021). Moreover, Petitioner offers no explanation justifying his long delay in seeking a TRO and does not otherwise address how his refusal to board his removal flight in June 2025 contributed to the delay of his removal proceedings in immigration court and before the Ninth Circuit and the seeking of his motion. *See, e.g.*, *Ross Stores, Inc. v. Kim*, No.: 2:25–cv–08701–AB–MAA, 2025 WL 3036485, at *5 (C.D. Cal. Oct. 1, 2025) (finding claim of irreparable harm undermined where plaintiff's delay in "flagging the alleged misappropriation of trade secrets" contributed "to nearly [a] four month delay in filing [the instant] application [for TRO]."). Therefore, Petitioner's TRO request is untimely such as to weigh against a finding of irreparable harm and against the issuance of a TRO. *See also* Local Rule 231(b).

Separately, Petitioner's motion for TRO is improper as it seeks relief other than what is sought in his petition. "A preliminary injunction [or TRO] is appropriate when it grants relief of

the same nature as that to be finally granted." *Pacific Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). In the Ninth Circuit, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint itself." *Id.* "The relationship between the [request for injunctive relief] and the underlying complaint is sufficiently strong where the [request] would grant 'relief of the same character as that which may be granted finally." *Id.* (citing *De Beers Consol. Mines*, 325 U.S. at 220). "Absent that relationship or nexus, [a court] lacks authority to grant the relief requested." *Id.*; *e.g.*, *Sibomana v. Larose*, No. 22-cv-933-LL-NLS, 2022 WL 2918911, at *2 (S.D. Cal. July 25, 2022) ("[T]he allegations presented in [p]etitioner's motion for a TRO bear no relationship to the ground for relief stated in his petition. … Since [his] motion … deals with medical claims that are a matter wholly outside his habeas petition, the Court does not have the authority to grant [the] motion."); *Olsen v. Perkins*, No. C25-0638-KKE-MLP, 2025 WL 2689035, at *1 (W.D. Wash. Sept. 19, 2025) (denying TRO where petitioner "seeks relief with respect to his prison housing conditions that is not of the same character as the relief he seeks in his habeas petition.").

Here, Petitioner's motion for TRO asks the Court to restrain Respondents from proceeding in, and effectuating, ongoing removal proceedings of Petitioner while his petition is pending before the Court. In seeking to prevent his removal to allow the merits of his petition to be adjudicated "without the pressure of a looming removal date[,]" Petitioner functionally requests a stay of his removal proceedings proceeding in immigration court. (Doc. 20 at 17). In contrast, the relief Petitioner seeks in his underlying petition is premised upon his *detention* rather than his ongoing removal proceedings. Thus, in his petition, Petitioner seeks the Court require the government hold a custody determination hearing to consider whether his re-detention is justified. *See* (Doc. 1 at 16-17). Because Petitioner's motion for TRO seeks relief as to *removal* matters that are outside of his habeas petition premised upon his *detention*, he is not entitled to a TRO. *See Pacific Radiation*, 810 F.3d at 638 (affirming denial of TRO motion because motion sought "injunctive relief unrelated to the claims set forth in the underlying suit."); *Sibomana*, 2022 WL 2918911 at *2; *e.g.*, *Sermeno v. Ogonowski*, No. 2:25-CV-02032-DJC-DMC, 2025 WL 2437543, at *3 (E.D. Cal. Aug.

25, 2025) (recommending denial of motion for injunctive relief where plaintiff failed to explain how the relief sought in his motion bears "a relationship between the injury claimed in the motion … and the conduct asserted in the underlying complaint[.]"), *report and recommendation adopted*, 2025 WL 3068902, at *1 (E.D. Cal. Nov. 3, 2025).

Therefore, the Court denies Petitioner's motion for TRO as untimely and improper in seeking relief outside the relief sought in the petition.

Petitioner's petition is fully briefed and the Court will decide the merits of the petition in due course.

**V.      Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for a temporary restraining order (Doc. 20) is DENIED.

IT IS SO ORDERED.

Dated:    **January 12, 2026**

_____
UNITED STATES MAGISTRATE JUDGE