UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYAN ABDUL WAKIL,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | Case No. 1:25-cv-01098-CDB (HC)<br><br>(A-Number: 221-312-305)<br><br>ORDER DIRECTING RESPONDENTS TO FILE REPORT ON EXPEDITED TIMELINE<br><br>**Deadline – November 25, 2026, 9:00AM**<br><br>ORDER DIRECTING RESPONDENTS TO NOT REMOVE PETITIONER FROM THE UNITED STATES OF AMERICA |

Petitioner Ayan Abdul Wakil ("Petitioner") is a federal immigration detainee proceeding pro se and *in forma pauperis*.[1]

## I. Relevant Background

The parties are familiar with the factual and procedural background of this case. In brief, Petitioner was ordered removed to his home country of Afghanistan on May 12, 2025. He has remained in continuous immigration custody while immigration authorities have sought to remove him. After the Ninth Circuit dismissed Petitioner's appeal of his removal order, Petitioner repeatedly has refused to cooperate with the government's removal efforts. Based on the parties'

[1] All parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1). (Doc. 12).

briefing and record evidence, the Court twice has determined that Petitioner's removal period properly may be extended pursuant to 8 U.S.C. § 1231(a)(1)(C), and that Petitioner's continued detention is mandatory and proper under § 1231(a)(2)(A) based on Petitioner's continued refusals to depart to the country designated in his final order of removal by means available to the government. (Docs. 37, 42).

Most recently, the Court extended the 90-day removal period under § 1231(a)(1)(C) to November 18, 2026 (Doc. 42 at 5) (citing *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. 2008)). The Court ordered Respondents to serve and file no later than November 3, 2026, a further status report addressing Petitioner's removal status and show why, if he has not been removed, he should not be released and subject to a bond hearing prior to any re-detention following the statutory removal period. Petitioner was granted 14 days to respond to Respondents' status report. *Id.*

In compliance with the Court's order, on November 3, 2026, Respondents filed a status report in which counsel for Respondents represented that "Petitioner is scheduled for imminent removal *to Afghanistan*." (Doc. 43 at 1) (emphasis added). Respondents' report is supported by the declaration of Deportation Officer Jafet Sanchez Bartolo, who attests that "Petitioner is now cooperating with his removal from the United States *to Afghanistan*." (Doc. 43 at 3) (emphasis added). Bartolo further attests that "ICE continues to have a valid travel document for Petitioner in the form of an unexpired Afghanistan passport" and that "ICE is currently conducting charter flights from the United States *to Afghanistan*." *Id.* (emphasis added). The docket does not reflect that this status report was (or has been since) served by Respondents upon Petitioner. In a further status report filed two days later (November 5, 2026), counsel for Respondents represents that a "chartered flight intended to remove Petitioner and others from the United States has been rescheduled to the week of November 16, 2026. Therefore, Petitioner is now scheduled for removal to Afghanistan via chartered flight during that week." (Doc. 45).

On November 20, 2026, the Clerk of the Court docketed on Petitioner's behalf a filing dated November 8, 2026, titled "Petitioner's Response Regarding Status Report and Request for Transfer and Release." (Doc. 46). Although Petitioner titles this pleading a "Response," he represents therein that he did not receive any status report filed by Respondents, which he attributes to the fact

that he was transferred "outside this Court's jurisdiction" before Respondents' November 3 filing deadline. According to Petitioner, as of the date of his filing (November 8, 2026), he was located at an ICE processing center in Louisiana and had been informed by an ICE deportation officer that he was being removed to Pakistan. *Id.* ¶¶ 1, 5, 11.

## II. <u>Discussion</u>

Respondents have represented to the Court that Petitioner is being removed to Afghanistan via a charter flight to Afghanistan. In contrast, Petitioner represents that an ICE deportation officer inform him that he is being removed to Pakistan.

Although the government retains some discretion under limited circumstances to effect removal to a third country (*see* 8 U.S.C. § 1231(b); 8 C.F.R. § 1240.12(d)), here, Respondents have attested that Petitioner is being removed directly to Afghanistan and not pursuant to any third-country removal authority. Because Petitioner has not received notice of Respondents' status reports and given the disparity between the information Respondents and Petitioner have proffered to the Court, the Court will order Respondents to file a report on an expedited basis clarifying the status and nature of Petitioner's removal, immediately provide copies of Respondents' status reports to Petitioner, and halt any ongoing efforts to remove Petitioner until the circumstances of Petitioner's removal are clarified to the Court.

## III. <u>Conclusion and Order</u>

Accordingly, it is HEREBY ORDERED that:

1. No later than **November 25, 2026, at 9:00 AM**, Respondents shall file a report, supported by the affidavit of a knowledgeable attorney or witness, providing the following information:
    a. What was the basis for Deportation Officer Jafet Sanchez Bartolo attesting to the Court on November 2, 2026 (Doc. 43) that Petitioner was "cooperating with his removal from the United States to Afghanistan"?
    b. What was the basis for Deportation Officer Jafet Sanchez Bartolo attesting to the Court on November 2, 2026 (Doc. 43) that ICE was then conducting charter flights from the United States to Afghanistan?

c. Is the United States government undertaking Petitioner's removal to the specified or alternative country or countries identified in Petitioner's order of removal (pursuant to 8 U.S.C. § 1231(b)(2)) or to a country identified outside of removal proceedings (*i.e.*, a third country removal)?

d. Where is Petitioner currently located and what is the status of Petitioner's removal?

2. No later than **November 25, 2026, at 9:00 AM**, Respondents shall deliver to Petitioner copies of their earlier status reports (Docs. 43, 45), a copy of this order, and a copy of Respondents' report filed pursuant to Paragraph 1 above. Respondents shall address in their report the status or their compliance with this provision (*i.e.*, delivery to Petitioner, not service by mail, of the pleadings referenced in Paragraph 2);

3. Unless and until the Court orders otherwise, Respondents shall not remove Petitioner from the United States of America. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (acknowledging a court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

IT IS SO ORDERED.

Dated: **November 24, 2026**

UNITED STATES MAGISTRATE JUDGE